IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


OCTAVIO CALDERON,
    Petitioner,

vs.                                    Case No.: 4:05cv365/MMP/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1).  Respondent filed an answer and relevant portions of the state court record (Doc. 16, 17).  Petitioner filed a reply (Doc. 19).

    The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

    The procedural background of this case is undisputed by the parties and established by the state court record.  Following a jury trial in the Circuit Court for Gadsden County, Florida, on October 30, 2001, Petitioner was convicted of one count of battery and one count of lewd or lascivious molestation (Doc. 17, Ex. A at 36, 37).  He was sentenced on December 19, 2001, to a term of 440 days in the county jail, with credit for pre-sentence jail time of 440 days, on the battery charge and a concurrent term of fifteen (15) years of imprisonment followed by fifteen (15) years

of probation on the molestation charge (*id.* at 41–48).  Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal (First DCA).  The appellate court affirmed the conviction and sentence per curiam without opinion on February 25, 2003, with the mandate issuing March 13, 2003 (*id.*, Ex. G; Ex. J at 125).  Calderon v. State, 838 So. 2d 1149 (Fla. 1st Dist. Ct. App. Feb. 25, 2003) (Table).

On October 14, 2003, Petitioner filed a petition for writ of habeas corpus with the First DCA alleging ineffective assistance of appellate counsel (Doc. 17, Ex. H).  The First DCA denied the petition per curiam without written opinion on December 5, 2003.  Calderon v. State, 861 So. 2d 26 (Fla. 1st Dist. Ct. App. Dec. 5, 2003) (Table).

On February 16, 2004, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 17, Ex. J at 1–31).  The trial court denied the motion on February 23, 2005 (*id*. at 86–125).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed the decision per curiam without written opinion on July 28, 2005, with the mandate issuing August 23, 2005 (*id.*, Ex. K).  Calderon v. State, 908 So. 2d 1059 (Fla. 1st Dist. Ct. App. July 28, 2005) (Table).

Petitioner filed the instant habeas action on September 23, 2005 (Doc. 1 at 6).  Respondent concedes that the petition is timely, but contends that Petitioner's claim is procedurally defaulted because he failed to present his federal claim to the state courts and is now precluded from doing so (Doc. 16 at 3–5).

II.     EXHAUSTION AND DEFAULT

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States."

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving

---

[1]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
         (A)   the applicant has exhausted the remedies available in the courts of the State; or
         (B) (i) there is an absence of available State corrective process; or

Case No:  4:05cv365/MMP/EMT

the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Id.* (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law

---

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Case No: 4:05cv365/MMP/EMT

was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.* at 7 & n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364 (1995). The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.² The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Id.* at 365–66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez

---

²The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

> v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302–03 (citations omitted).[3]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 & n.1, 111 S. Ct. 2546, 2555 & n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.* A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The Eleventh Circuit has set

---

[3]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[4] *Id.* Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

A petitioner can overcome a procedural default in two narrow circumstances. The petitioner must either show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Henderson v. Haley, 353 F.3d 880, 892 (11th Cir. 2003); Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. Furthermore, the Eleventh Circuit has held that because there is no constitutional right to an attorney in state post-conviction proceedings, any ineffectiveness of post-conviction counsel cannot be "considered cause for the purposes of excusing . . . procedural default that occur[s] . . . at the state collateral post-conviction level." Henderson, 353 F.3d 892 (citing 28. U.S.C. § 2254(i); Coleman v. Thompson, 501 U.S. 722, 752 (1991); In re Magwood, 113 F.3d 1544, 1551 (11th Cir. 1997); Johnson v. Singletary, 938 F.2d 1166, 1174–75 (11th Cir. 1991)). To establish prejudice, a petitioner must show that there is "at least a reasonable probability that the result of the proceeding would have been different." *Id.*

Alternatively, to satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."

---

[4]The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1301–02 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

Case No: 4:05cv365/MMP/EMT

Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further,

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claim.

III. PETITIONER'S CLAIM

> Ground One: The state trial court reversibly erred in denying petitioner's motion for mistrial, contrary to his rights to a fair trial and unbiased jury protected by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(Doc. 1 at 4). Petitioner contends the trial court erred by denying defense counsel's motion for mistrial based upon a witness's reference to Petitioner's use of alcohol and drugs despite a pre-trial stipulation by the defense and the State that no testimony concerning such use would be introduced at trial (*id.* at 4(a)–4(b)). After the witness's reference and the trial court's denial of the motion for mistrial, the trial court instructed the jury to disregard the witness's reference (*id.* at 4(b)). Petitioner contends that the trial court's denial of the motion for mistrial denied him a fair trial (*id.* at 4(b)–4(c)). Respondent argues that Petitioner failed to fairly present this issue to the state courts as a federal claim (Doc. 16 at 3–5). Respondent argues that Petitioner raised on direct appeal the issue of the trial court's denial of the motion for mistrial, but Petitioner presented it as purely a state law issue (*id.* at 4–5). Respondent contends that because Petitioner failed to bring his federal claim to the attention of any state court prior to its presentation in the instant petition, the claim is procedurally defaulted (*id.*).[5]

---

[5]Notwithstanding Respondent's initial statement that "it would appear . . . Petitioner has . . . exhausted state remedies" with regard to his claim (*see* Doc. 16 at 2), an examination of Respondent's procedural default argument makes plain that Respondent is raising an argument concerning the failure to exhaust state remedies. Respondent argues that in Petitioner's direct appeal of his conviction, he did not fairly present a federal question; rather, he presented his claim solely as a state law issue (*id.* at 3–5). Furthermore, Respondent relies almost exclusively upon Duncan v. Henry, 513 U.S. 364 (1995), a case construing the exhaustion requirement of § 2254, in support of its argument (*id.* at 4–5). Thus, the undersigned cannot conclude that Respondent waived the exhaustion requirement. *See* 28 U.S.C. § 2254(a)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the

In his direct appeal, Petitioner claimed that the trial court erred by denying defense counsel's motion for a mistrial (Doc. 17, Ex. E at 10–14). However, Petitioner did not state a federal law basis for his claim in his state court brief. For example, he did not cite in conjunction with the claim a federal source of law or a case deciding a claim of denial of a motion for mistrial on federal grounds; indeed he did not even label his claim "federal" (*id.*). Petitioner argued only that the trial court's ruling was erroneous because the witness's reference was unduly prejudicial, and that he was denied a fair trial as a result of the trial court's ruling (*id.*). Petitioner cited only sources of state law in support of his claim, and those sources addressed only state law issues, including the inadmissibility of relevant evidence if its probative value is substantially outweighed by its prejudicial effect, and that it was the State's burden on appeal to prove that the trial court's ruling was harmless (*id.* at 12). Although at the conclusion of Petitioner's state appellate brief he makes a single mention of having been denied a "fair trial" (Doc. 17, Ex. E at 14), this lone assertion is not so particularized as "to call to mind a specific right protected by the Constitution." *See, e.g.*, McCandless v. Vaughn, 172 F.3d 255, 261–62 (3d Cir. 1999); Barrett v. Acevedo, 169 F.3d 1155, 1161–62 (8th Cir. 1999).

Furthermore, although one of the state cases cited by Petitioner, Goodwin v. State, 751 So. 2d 537 (Fla. 1999), discussed United States Supreme Court decisions, the state supreme court did so in the context of "trac[ing] the evolution of the harmless error standard for review of criminal convictions" in its discussion of whether a Florida statute abrogated the harmless error analysis previously announced by the state supreme court in state criminal appeals which did not involve constitutional error. *Id.* at 538–46. Petitioner relied upon Goodwin for the proposition that the State had the burden of proving that the alleged trial court error in his case was harmless (Doc. 17, Ex. E at 12). The undersigned concludes that Petitioner's citation to Goodwin was insufficient to put the state appellate court on notice that he was raising a federal due process claim.

Likewise, Petitioner's citation to Illinois v. Bastien, 541 N.E.2d 670 (Ill. 1989) (*see* Doc. 17, Ex. E at 13) was insufficient to alert the state court to a federal claim. In Bastien, the Illinois Supreme Court held that a statute that authorized the videotaping of a statement by a child sexual abuse victim, but prohibited contemporaneous cross-examination, impermissibly infringed on an

---

requirement unless the State, through counsel, expressly waives the requirement.")

accused's right of confrontation even where the child was available to testify at trial and was subject to cross-examination at trial. Petitioner cited Bastien in support of his argument that the prejudice caused by the witness's reference to his use of alcohol and drugs was compounded by the State's improper use of a videotaped interview of the child victim (Doc. 17, Ex. E at 13–14). If Petitioner had raised a Confrontation Clause claim regarding introduction of the videotape in his direct appeal and the instant federal petition, citing Bastien would have been sufficient to alert the state court to a federal claim; however, this was not the case. Petitioner raised a claim of trial court error in denying the motion for mistrial; Bastien did not decide a claim of denial of motion for mistrial. Petitioner's citation to Bastien in support of an ancillary argument did not fairly alert the state court that he was raising a federal due process issue with regard to denial of the motion for mistrial.

In sum, if Petitioner wished to claim that the trial court's denial of his motion for mistrial denied him the due process of law guaranteed by the federal Constitution, he should have said so in his state court brief. Therefore, the undersigned concludes that Petitioner failed to fairly present his federal claim to the state courts. *See* Duncan, 513 U.S. at 365; Zeigler v. Crosby, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition); *see also* Batten v. Scurr, 649 F.2d 564, 568 (8th Cir. 1981) (federal habeas petitioner failed to fairly present federal constitutional issue to state courts where petitioner alleged in direct appeal of conviction that trial court erred in refusing to grant mistrial because witness's statements were prejudicial and denied him a fair trial, but petitioner failed to cite to any provision of the federal Constitution or to any federal case, nor did he refer to the phrase "due process").

Additionally, any future attempt by Petitioner to exhaust state remedies would be futile under the state's procedural default doctrine as the state procedural rules do not provide for a second direct appeal, and a second Rule 3.850 motion would be subject to dismissal as a successive motion, pursuant to Rule 3.850(f). Therefore, the claim is procedurally defaulted for federal habeas purposes. Petitioner does not allege cause for his failure to present his federal claim in the state courts, or that he will suffer prejudice as a result of this court's failure to review the claim. Furthermore, he has failed to show that he is entitled to review under the "fundamental miscarriage

of justice" exception to the procedural bar.  Therefore, he is not entitled to federal review of his claim.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola, Florida, this 22nd day of February 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**