IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


OCTAVIO CALDERON,

    Petitioner,

v.                                                                    CASE NO. 4:05-cv-00365-MP-EMT

JAMES R. McDONOUGH,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that Petitioner's petition for writ of habeas corpus, Doc.1, be denied. The Magistrate Judge filed the Report and Recommendation on Thursday, February 22, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Petitioner Calderon was convicted after a jury trial of one count of battery and one count of lewd or lascivious molestation. Petitioner appealed his conviction, which was affirmed. Petitioner next filed a petition for writ of habeas corpus with the First District Court of Appeals, which denied the petition. Petitioner then sought post-conviction relief under FLA.R.CRIM.P. 3.850, and the trial court denied the motion, with the appellate court affirming this denial. Petitioner filed the instant petitioner for writ of habeas corpus in this Court, and Respondent concedes that the petition is timely, but argues that Petitioner's claim was not properly exhausted in state court, and therefore is procedurally barred.

In his petition, Petitioner argues that the trial court's denial of his motion for mistrial

denied him the due process of law guaranteed by the federal Constitution. After reviewing the petition, the Magistrate recommends that Petitioner's petition for writ of habeas corpus be denied as procedurally barred. Petitioner has filed objections to the Magistrate's Report, stating that despite any failure to fairly present his federal claims to the state court, he has shown cause and prejudice, as well as a fundamental miscarriage of justice, and therefore the Court may reach the merits of his claim.

Under 28 U.S.C. § 2254(b)(1)(A), "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." A petitioner must first have exhausted available state court remedies prior to bringing a habeas corpus petition in federal court. To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. In reviewing Petitioner's state court appeal and post-conviction motions, the Magistrate found that Petitioner only argued state legal and constitutional issues, and therefore failed to fairly present a federal claim to the state court. The Petitioner does not challenge the Magistrate's Report on this ground, but instead argues that he meets the miscarriage of justice exception or the cause and prejudice exception, and therefore any procedural default is excused.

Petitioner's chief argument in his objections is that appellate counsel was ineffective, and therefore Petitioner should not be held responsible for appellate counsel's failure to exhaust the federal issues raised in the instant petition. As the Magistrate notes, the Eleventh Circuit has held that ineffectiveness of post-conviction counsel cannot be "considered cause for the purposes of excusing . . . procedural default that occur[s] . . . at the state collateral post-conviction level."

Henderson v. Haley, 353 F.3d 880, 892 (11th Cir. 2003); (citing 28. U.S.C. § 2254(i); Coleman v. Thompson, 501 U.S. 722, 752 (1991); In re Magwood, 113 F.3d 1544, 1551 (11th Cir. 1997); Johnson v. Singletary, 938 F.2d 1166, 1174–75 (11th Cir. 1991)).  Moreover, the failure of the trial court to grant a mistrial after a witness mentioned Petitioner's drug and alcohol use cannot be considered "a constitutional violation [that] has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  Accordingly, Petitioner cannot satisfy the miscarriage of justice exception to overcome his procedural default.

After reviewing the remaining grounds for relief, the Court finds that Petitioner is not entitled to relief, and that the petition is without merit and should be denied.  Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 20, is adopted and incorporated by reference in this order;

2. Petitioner's petition for writ of habeas corpus, Doc.1, is denied, and this case is dismissed with prejudice.

**DONE AND ORDERED** this __29th__ day of March, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge